3:22-mj-00013

DISTRICT OF OREGON, ss:                    AFFIDAVIT OF MORGAN T. BARR

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Morgan T. Barr, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1.      I have been employed as a Special Agent by the Drug Enforcement
Administration (DEA) since December of 2021.  My current assignment is at the Portland
District Office where I am assigned to a DEA Federal Task Force Group. Prior to that, I was
employed as a Peace Officer in the State of California with the Lake Shastina Police Department
from June of 2017 until August of 2021. From August 2018 until December 2019, I was assigned
to the position of Special Agent for the California Department of Justice Siskiyou Unified Major
Investigations Team (SUMIT) task force. Prior to that, I was employed by the Weed Police
Department as a Level II Reserve Officer from November 2015 until January 2017. My formal
training includes successfully completing the 18-week DEA basic training course at the DEA
academy in Quantico, Virginia. Prior formal training included the complion of a California Peace
Officer Standards and Training (P.O.S.T.) academy at College of the Redwoods Police Academy
in Eureka, CA in June of 2019. I have participated in dozens of drug investigations and trainings
involving investigating controlled purchase operations, vehicle tracking, cell phone geo-location
techniques, cell-site simulators, pen register/trap and trace orders, and Title III wiretaps.  I have
interviewed and operated informants, executed search warrants, arrested and interviewed
subjects, conducted physical surveillance, and utilized electronic and video surveillance.  I have
also worked with and consulted numerous agents and law enforcement officers who have
investigated drug trafficking.

2.      I submit this affidavit in support of a criminal complaint and arrest warrant for Robert Edward Golden for violations of Title 18, United States Code, Section 912, False personation of officer or employee of the United States (hereinafter the "Target Offense").

## Applicable Law

3.      Title 18, United States Code, Section 912 makes it illegal to falsely assume or pretend to be an officer or employee acting under the authority of the United States or any department, agency or officer therof, and act as such.

## Statement of Probable Cause

### *Background of the Investigation*

4.      In February 2022, members of the Drug Enforcement Administration (DEA) Portland District Office ("Investigators") were contacted by officers of the Portland Police Bureau (PPB) who said they saw two people who were impersonating DEA Special Agents. Investigators traveled to the corner of SW 13th Avenue and SW Columbia Street, in Portland, Oregon. Officers with PPB had two people detained in handcuffs. The detained male was identified as Robert Edward GOLDEN. The detained female was identified Adult Witness 1 AW1)1.

5.      Investigators spoke with PPB Police Sergeant Matthew Jacobsen who said he saw a silver Dodge Charger with an open trunk and GOLDEN and AW1 were standing at the rear of the vehicle. Sgt. Jacobsen said he could see into the open trunk and saw a body armor plate carrier (also known as a tactical vest) with a "DEA POLICE" patch affixed to it. Sgt. Jacobsen said the Charger had police lights on the rear license plate and in the front interior on the

_____

1 This individual is known to me and other investigators.  Her name is withheld to protect her identity.

headliner.

6.      Sgt. Jacobsen said when as talked to GOLDEN and AW1, he saw the bottom of a

hoslter from under GOLDEN's jacket. Sgt. Jacobsen removed what appeared to be a firearm but

was later determined to be a replica (which contained live ammunition). Sgt. Jacobsen said

GOLDEN told AW1 to show Sgt. Jacobsen her credentials. Sgt. Jacobsen said Donna showed

him a badge and credentials for the Drug Enforcement Administration.

7.      Sgt. Jacobsen said he asked GOLDEN if he was a sworn federal agent and

GOLDEN told him that GOLDEN and AW1 were "feds" and that  he was a federal agent

working in Portland. Sgt. Jacobsen said GOLDEN also told him he had more police equipment

in his vehicle and additional police equipment/ and identification in his apartment.

8.      Sgt. Jacobsen said he also found holsters, 2 body armor plate carriers (one having

the DEA POLICE patch in yellow), 1 tactical vest (with a white DEA patch), handcuffs, badges,

credentials, and an AR-15 style rifle (later identified as a bb gun).

9.      GOLDEN and AW1 were transported by PPB to the DEA Portland Office and

custody was transferered to DEA Investigators, and on February 2, 2022,  at approximately 1221

a.m., Investigators provided GOLDEN with his rights per Miranda.  GOLDEN said he

understood his rights.

10.      GOLDEN said he and AW1 were into "cosplay" (costume play) and that is why

they had the police tactical vests with DEA/Police patches, fake guns, and handcuffs. GOLDEN

said he purchased the fake DEA badges and credentials from various websites online to include

Amazon, Ebay, and Wish. GOLDEN said the guns were not real and shot rubber balls.

GOLDEN told Investigators the badges, credentials, and Dodge Charger (equipped with interior

red and blue emergency vehicle lighting) were to make others believe he and Donna were DEA federal agents. GOLDEN said he didn't want anyone to bother him or Donna in or around their apartment complex and felt the fake DEA items provided them protection and that he used the red and blue interior lights in his vehicle to get through traffic faster. GOLDEN said he also previously acted as an officer to break up a fight by shouting "Police!" (GOLDEN held up his arm as if displaying a badge or credentials while he described the encounter).

11.    On February 2, 2022 at approximately 1243 a.m., Investigators provided AW1 with her rights per Miranda, who said she understood her rights. AW1 told Investigators she was a DEA agent in training and was also attending school for Criminal Justice. She said she has been in training for approximately one year and was issued a DEA badge and credentials by GOLDEN. AW1 said GOLDEN had taken a photograph of her and provided it to other agents for use to make an identification card. AW1 said GOLDEN has spoken previously of "Agent Anderson", "Agent Luis", "Agent Garcia", and "Ms. Bennett" from the DEA, and GOLDEN told her that she would soon be training with other agents. AW1 said GOLDEN has taken her on "ride-a-longs" at night for surveillance and taken her practice shooting, and said GOLDEN claimed he had to put someone into handcuffs on his way into work.

12.    I know that the DEA Portland District Office does not have any Special Agents in employement with the last names "Anderson", "Luis", "Garcia", or "Bennett". I aslo know the DEA does not provide "ride-a-longs."

13.    Investigators spoke with GOLDEN again and asked him about the training he provided AW1. GOLDEN said he took her to speak with homeless individuals to develop "CIs" (confidential informants) for future use incase "something happened" to GOLDEN and he was

no longer around to take care of her. GOLDEN said when he and AW1 approached the homeless

individuals they had the DEA credentials displayed.

14.    Based on my training, experience, and consultations with other Investigators, I

believe GOLDEN has tricked AW1 into believing he is in fact a DEA agent and she is in fact in

training to be a DEA agent. I believe GOLDEN has been falsely personating a DEA agent to

gain credibility as a federal agent by displaying false identification and badges to gain

information from unsuspecting residents, and utilizing red and blue code-3 lighting to traverse

through traffic.

**Conclusion**

15.    Based on the foregoing, I believe GOLDEN has violated Title 18, United States

Code, Section 912, False Personation of officer or employee of the United States, in that

GOLDEN did falsely assume and pretend to be an officer and employee of the United States

acting under the authority thereof, that is a Special Agent of the Drug Enforcement

Administration and in such assumed and pretended character did act as such, in that he falsely

stated that he was a Special Agent of the engaged in law enforcement activities.

/////

/////

/////

/////

/////

/////

**Page 5 – Affidavit of Morgan T. Barr**          **USAO Version Rev. April 2018**

16.    Prior to being submitted to the Court, this affidavit, the accompanying complaint and the arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Greg Nyhus, and AUSA Nyhus advised me that in his opinion the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

*Appearance by telephone in accordance with Fed. R. Crim. P. 4.1*

MORGAN T. BARR
Special Agent
Drug Enforcement Administration

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 9:30 a.m. on February 3, 2022.


*Jolie A. Russo*

HON. JOLIE A RUSSO
UNITED STATES MAGISTRATE JUDGE